UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANI THYKKUTTATHIL and RYAN
WELLMAN, wife and husband,

Plaintiff,

v.

JAMES KEESE, III, and SARA KEESE,
husband and wife, and their marital community
composed' CAPITOL ADVOCACY GROUP,
LLC, a foreign limited liability company;
CAPITOL HEALTH ASSOCIATES, LLC, a
foreign limited liability company;
PROGRESSIVE CASUALTY INSURANCE
COMPANY, a foreign insurer' and,
PROGRESSIVE MAX INSURANCE
COMPANY, a foreign insurer;

Defendants.

CASE NO. C12-1749RSM

ORDER DENYING MOTION FOR
REMAND

This matter is now before the Court for consideration of plaintiff's motion for remand.  Dkt. #
20.  Plaintiffs filed this action in King County Superior Court on June 22, 2011, seeking damages for
injuries they incurred in a motor vehicle accident.  Dkt. # 1-2, p. 2.  The named defendants in the
original complaint were James Keese, the driver of the other car, and Jane Doe Keese, who were alleged
to be Washington residents.  *Id*.  Plaintiffs subsequently amended their complaint to name defendant
Keese's employer, as well as their own automobile insurance provider under the Underinsured Motorist
("UIM") provision of their policy.  Dkt. # 1-2, p. 141.  The amended complaint further alleges that
James Keese and his spouse Sara Keese are residents of Alexandria, Virginia.  *Id*.

ORDER - 1

On October 9, 2012, defendants Progressive Casualty Insurance Company and Progressive Max Insurance Company (together, "Progressive") removed the action to this Court on the basis of the parties' diversity of citizenship.  Dkt. # 1.  Plaintiffs have timely moved for remand, and defendants have opposed the motion.  For the reasons set forth below, the Court shall deny the motion.

LEGAL STANDARD AND ANALYSIS

Defendant Progressive removed this action from state court pursuant to 28 U.S.C. § 1441(a), invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332.  This section creates federal jurisdiction over state law causes of action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a), (b).

The original complaint in this matter, naming James and Jane Doe Keese as defendants, could not be removed because it alleged that the Keeses were Washington residents.  Only when plaintiffs filed their amended complaint, alleging that the Keeses were residents of Alexandria, Virginia, did the parties meet the diversity requirement.  The amended complaint was filed October 3, 2012, and Progressive removed it to this Court six days later, October 9, 2012.  Dkt. # 1.  Such removal was governed by § 1446(b)((3), which states,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).  The cited exception states as follows:

> **(c) Requirements: removal based on diversity of citizenship**.—(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1)(A).

Although defendants' removal may be untimely under this provision, this is a non-jurisdictional procedural defect which plaintiffs have waived by failing to raise it in their motion to remand.  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F. 3d 1190, 1192 (9th Cir. 2003).  Instead, plaintiffs argue for remand on the basis that the parties are not diverse in citizenship.  Specifically, plaintiffs contend that Progressive is non-diverse because, pursuant to statute, "in any direct action

ORDER - 2

against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen. . . ." 28 U.S.C. § 1332(c)(1).  According to plaintiffs' argument, Progressive must be deemed a citizen of Washington State because they (Progressive's insureds) are Washington citizens.

Plaintiffs rely for their argument on *Chavarria v. Allstate Insurance Co.*, 749 F.Supp. 220 (C.D.Cal. 1990).  The district court there found that an action by an insured against her own insurance company under the UIM provision of her policy was a direct action.  *Chavarria*, 749 F.Supp. at 223. Plaintiff's reliance is misplaced, as the Ninth Circuit Court of Appeals subsequently noted that the *Chavarria* decision "does not follow binding Ninth Circuit precedent and has been criticized on that basis." *Searles v. Cincinnati Insurance Co.*, 998 F.2d 728, 729 (9th Cir. 1993).

The rule in the Ninth Circuit is that the  "direct action" exception set forth in 28 U.S.C. § 1332(c)(1) applies to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him."  *Id.*  (*quoting Beckham v. Safeco Insurance Co.*, 691 F.2d 898, 902 (9th Cir. 1982).  A  " 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action' " *Id.*  "[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.*  Plaintiffs' claim against their own insurer under the UIM provision of their policy is thus not a direct action, and Progressive cannot be deemed a citizen of Washington State under § 1332(c)(1).

Plaintiffs' motion for remand (Dkt. # 20) is accordingly DENIED.  The parties' Joint Status Report and Discovery Plan, which was due November 26, 2012, shall now be due February 1, 2013.

DATED this 17th day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3