UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband,

Plaintiff,

v.

JAMES KEESE, III, and SARA KEESE, husband and wife, and their marital community composed' CAPITOL ADVOCACY GROUP, LLC, a foreign limited liability company; CAPITOL HEALTH ASSOCIATES, LLC, a foreign limited liability company; and, PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer;

Defendants.

CASE NO. C12-1749RSM

ORDER ON MOTION FOR SUMMARY JUDGMENT ON CLAIM FOR LOSS OF CONSORTIUM

Plaintiffs Rani Thykkuttathil and Ryan Wellman, husband and wife, filed this tort action in state court on June 22, 2011. Dkt. # 1-2. The claims arise from a June 23, 2009 automobile accident in which plaintiffs were injured. The original complaint names as defendants the driver of the other car and his wife. *Id*. On September 20, 2012, plaintiffs moved for leave to amend their complaint to add additional

defendants, specifically the employers of defendant James Keese, and the plaintiffs' own insurer (defendant Progressive), under the Underinsured Motorist ("UIM") provision of their policy. The motion was granted by the state court, and Progressive removed the action to this Court under the diversity provisions of 28 U.S.C. § 1332.

This matter is now before the Court for a ruling on a motion for summary judgment by defendants James and Sara Keese on plaintiff Ryan Wellman's loss of consortium claim. Dkt. # 75. Defendants contend that they are entitled to judgment as a matter of law on the loss of consortium claim, as plaintiffs were not married on the date of the accident. Plaintiffs have opposed the motion, contending that (1) Mr. Wellman was not aware of the full extent of Ms. Thykkuttathil's injuries until after they were married, and (2) the loss of consortium claim should be permitted because he and Ms. Thykkuttathil were in a longstanding, "marital-like" relationship. Plaintiffs' Response, Dkt.. # 90, p. 10. As set forth below, neither argument overcomes the long-standing rule in Washington that a claim for loss of consortium does not arise when the injury to the spouse that causes the loss occurs prior to the marriage. *Green v. A.P.C. (American Pharmaceutical Co.*), 136 Wash. 2d 87, 101 (1998). Defendants' motion shall accordingly be granted and the loss of consortium claim dismissed.

BACKGROUND

On June 23, 2009, the plaintiffs were driving south on I-5 in Seattle, near the Mercer Avenue exit, in their 2004 Mini Cooper, with Mr. Wellman as the driver and Ms. Thykkuttathil as the passenger. Mr. Keese, a resident of Alexandria, Virginia, was traveling behind plaintiffs' car, in the same lane. Plaintiffs' car stopped and Mr. Keese's car read-ended the plaintiffs' car, causing them injuries. At the time of the accident, plaintiffs were living together but not married. Their wedding was October 10, 2010. Declaration of Rani Thykkuttathil, Dkt. # 90, Exhibit 1, ¶¶ 3-6.

After the accident, Ms. Thykkuttathil experienced back, chest, and neck pain, headaches, muscular fatigue, sleeplessness, and cognitive and memory problems. She was seen and treated by medical doctors, physical therapists, and other medical practitioners. A CT scan of her head was performed on July 10, 2009 and was normal. *Id.,* ¶ 7. In March of 2011 she consulted neurologist Gary Stobbe, M.D., who ordered a brain MRI on March 23, 2011. On May 11, 2011, Dr. Stobbe reported to

Ms. Thykkuttathil the results of the MRI, indicating that she had a brain injury. *Id.*, ¶ 9. Dr. Stobbe has presented a declaration stating that the MRI shows a "remote axonal injury involving the posterior corpus callosum." Declaration of Gary Stobbe, Dkt. # 90, Exhibit 3, ¶ 3. Plaintiff states that this was the first time she had been given this diagnosis. Mr. Wellman states that "I did not know that Rani suffered a traumatic brain injury[1] as a result of the accident until she met with Dr. Stobbe in May 2011 and he gave her the results of the March 2011 brain MRI." Declaration of Ryan Wellman, Dkt. # 90, Exhibit 2, ¶ 7.[2]

The First Amended Complaint filed in state court on October 3, 1012 bears a claim for loss of consortium by Mr. Wellman. Dkt. # 1-2, p. 141. Defendants now move for summary judgment of dismissal on this claim.

DISCUSSION

I. <u>Summary Judgment Standard</u>

Summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id*. However, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir.1995). It should also be granted where there is a "complete

---

[1] Neither Dr. Stobbe's declaration nor his clinical notes characterize the injury as "traumatic." Plaintiff's Response, Exhibit 3, 3A, 3B.

[2] Dr. Stobbe related the lesion seen in the March 23, 2011 MRI to the 2009 automobile accident. However, defendants' expert Mark Sutton, D.C., notes that Ms. Thykkuttathil injured her back while snowboarding on March 5, 2011, shortly before the MRI. Declaration of Mark Sutton, Dkt. # 85, ¶ 9. Dr. Sutton opines that she suffered a second injury at this time. Dr. Stobbe was apparently not told of this snowboarding accident, so his opinion regarding the origin of the brain injury was based on an incomplete record. However, for the purpose of deciding this motion, the Court will disregard the possibility of a new injury, and analyze the loss of consortium claim as though Dr. Stobbe's diagnosis relates to the 2009 automobile accident.

failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F. 3d at 1221.

II. Analysis

**A. *Green v. APC* and the Discovery Rule as it applies to Loss of Consortium Claims**

Mr. Wellman claims loss of consortium from his wife's cognitive dysfunction. The rule in Washington is that a loss of consortium claim does not lie when the injury to the spouse that caused the loss of consortium predated the marriage. *Green v. A.P.C. (American Pharmaceutical Company)*, 136 Wash. 2d at 101 ("*Green*"). The basis for this rule is the well-founded principle that one should not be permitted to "marry a cause of action," meaning that one assumes with marriage "the risk of deprivation of consortium arising from any prior injury." *Id*., citing *Stager v. Schneider*, 494 A.2d 1307, 1315 (D.C.App. 1985). The *Green* court created a narrow exception to the general rule in the case of a toxic-tort injury which was "latent and unknown" at the time of marriage. *Id*. This exception does not apply here.

The *Green* decision addressed a claim for loss of consortium by Patrick Green, who married Kathleen Green in 1988. At the time of marriage, Kathleen knew she was a so-called "DES daughter" meaning she had been exposed *in utero* to diethylstilbesterol (DES). She was treated as a teenager for cervical abnormalities and a pre-cancerous condition related to her DES exposure. However, she "had no idea that DES would impact my reproductive capabilities." *Green*, 136 Wash. 2d at 92. After her marriage, she was diagnosed with a "T-shaped" uterus, and her subsequent pregnancy was complicated, requiring hospitalization on several occasions. The Greens' son was delivered by caesarian section nineteen days before the due date, but was normal and healthy. *Id*. at 93.

The trial court dismissed Mr. Green's claim for loss of consortium, finding that it failed because no loss of consortium claim exists for torts that predated the marriage. Division One of the Washington State Court of Appeals reversed, and the Washington Supreme Court affirmed the appellate court and remanded the case to the trial court. *Id*., at 103. With respect to Mr. Green's claim for loss of

consortium, the court held that "the rationale for the majority rule forbidding such claims for premarital exposure injuries is fundamentally unfair in toxic exposure cases with latent injuries." *Id*.

Plaintiffs argue that this ruling is not limited to toxic torts, and should apply to Mr. Wellman's claim because he did not know of the brain injury diagnosis until his wife met with Dr. Stobbe in May 2011. Declaration of Ryan Wellman, Dkt. # 90, Exhibit 2, ¶ 7. However, even if the Court were to agree that the *Green* ruling extends beyond toxic tort situations (which it does not[3]), it cannot find that plaintiffs' situation is within the reach of the ruling.

The *Green* court's decision was based on a finding that the majority rule, which bars loss of consortium claims from premarital injury "ignore[s] the circumstance in which the injury to the affected spouse is **latent and unknown**. . . . One cannot assume a risk one does not know and cannot know about." *Id.* at 101, citing *Kirk v. Washington State University*, 109 Wash. 2d 448, 454-55 (1987) (emphasis added). Mrs. Green's T-shaped uterus, caused by DES exposure, was just such a latent injury. However, Ms. Thykkuttathil's injury was neither latent nor unknown. Plaintiffs lived together at the time of the accident and continued to do so until the date of their marriage, and afterwards. Mr. Wellman had ample opportunity to observe the manifestations of his fiancee's injuries during this time, and was well aware of the nature and extent of those injuries, particularly her lack of memory and cognitive dysfunction. He testified at his deposition that he had observed her symptoms of distraction and forgetfulness "pretty consistently" since the 2009 accident. Declaration of Caroline Ketchley, Dkt. # 95, Exhibit F. The fact that Dr. Stobbe put a name to the lesion that may have caused her cognitive deficits does not alter the fact that Mr. Wellman had knowledge of those deficits and their effect on Ms. Thykkuttathil at the time of their marriage. This was not a "latent" injury within the reach of the *Green* decision, so Mr. Wellman may not avoid application of the general rule that bars his claim for loss of consortium.

[3] The Washington Supreme Court concluded in *Green* that "[t]he best argument for rejecting the majority rule, however, is **its fundamental unfairness in the toxic exposure context**: loss of consortium damages should be available for a premarital injury if the injured spouse either does not know or cannot know of the injury." *Green v. A.P.C.*, 136 Wash. 2d at 102 (emphasis added). This Court reads that language as limiting the ruling to the context as stated.

**B. Plaintiffs' "Marital-Like" Relationship**

Plaintiffs also argue that the loss of consortium claim should be allowed because they were in a "longstanding, marital-like relationship." Plaintiff's Response, Dkt. # 90, p. 10. They assert that

> [t]he Washington Court of Appeals has written that if the policy rationales identified in *Green* do not apply, a loss of consortium claim may be available to a nonmarried individual if he/she is in a longstanding, marital-like relationship. *Bailey v. Allerdice*, 129 Wn.App. 1035, 2005 WL 2338678 at *2 (Wash.App. Div. 1) Plaintiffs were in a longstanding, marital-like relationship and the policy rationales identified in *Green* do not apply. Therefore, Plaintiffs' loss of consortium claims for consortium damages should not be dismissed.

*Id*. Plaintiffs acknowledge in a footnote that the cited case is unpublished but state that it is cited as "persuasive authority" under Fed.R.App.P. 32.1. *Id*., p. 10 n. 3. However, Fed.R.App.P. 32.1 applies only to federal court opinions. The Washington court rules specifically forbid citation of unpublished opinions of the Washington State Court of Appeals. Washington GR 14.1(a).

Moreover, the *Bailey* case does not stand for the proposition for which plaintiffs have cited it. Indeed, it says the opposite of what plaintiffs contend: the appellate court ruled that despite a 16-year meretricious relationship prior to marriage, the plaintiff's loss of consortium action was barred "because the injury to her spouse occurred prior to the marriage and no exception to that rule applies." *Bailey v. Allerdice*, 2005 WL 2338678 at * 2.

CONCLUSION

Plaintiffs have failed to demonstrate any viable exception to the well-established rule, applied in Washington, that a spouse may not claim loss of consortium for an injury that predated the marriage. Defendants' motion for summary judgment on Mr. Wellman's claim for loss of consortium is accordingly GRANTED and that claim is DISMISSED.

Dated this 6th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE