UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES KEESE, III, and SARA KEESE, husband and wife, and their marital community composed' CAPITOL ADVOCACY GROUP, LLC, a foreign limited liability company; CAPITOL HEALTH ASSOCIATES, LLC, a foreign limited liability company;  and, PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer;<br><br>　　　　　　Defendants. | CASE NO. C12-1749RSM<br><br>ORDER ON MOTION FOR A PROTECTIVE ORDER |

　　This matter is before the Court for a ruling on a motion for a protective order regarding depositions, filed by defendants James and Sara Keese ("Keese defendants"). Dkt. # 106. Plaintiffs have noted the Keese defendants' depositions to take place at a location in Bellevue, Washington, which would require that defendants travel across the country from their home in Alexandria, Virginia. They ask the Court to direct that the depositions take place in Washington, D.C., near their home, or be taken by video conference. Plaintiffs have opposed the motion. The Court has determined, for the reasons set forth below, that defendants' motion shall be granted.

ORDER - 1

DISCUSSION

Plaintiffs Rani Thykkuttathil and Ryan Wellman, husband and wife, filed this tort action in state court on June 22, 2011. Dkt. # 1-2. The claims arise from a June 23, 2009, automobile accident in which plaintiffs were injured. James Keese was the driver of the other automobile. On September 20, 2012, plaintiffs moved for leave to amend their complaint to add additional defendants, specifically the employers of defendant James Keese, and the plaintiffs' own insurer (defendant Progressive), under the Underinsured Motorist ("UIM") provision of their policy. After the state court granted plaintiffs leave to amend, defendant Progressive removed the action to this Court under the diversity jurisdiction provisions of 28 U.S.C. § 1332(a).

On July 10, 2013, plaintiffs sent deposition notices to the Keeses, noting their depositions for Friday, August 2, 2013, at the office of plaintiffs' counsel in Bellevue, Washington. Dkt. # 108, pp. 6 - 11. Counsel for the Keeses responded that they would be on vacation and unavailable at that time, and offered to make defendants available the week of August 19, 2013 for deposition by video conference. Declaration of Marilee Erickson, Dkt. # 108, ¶¶ 2 - 5. Plaintiffs accepted the offer as to Sara Keese, but would not agree to the video conference deposition of James Keese, contending that it is essential that they be able to observe his demeanor in order to assess his credibility. *Id*., p. 7. The parties held a Rule 26(g) conference on July 18, 2012 but were unable to reach agreement on the place of the depositions. *Id*., ¶¶ 8 - 10. This motion followed.

Ordinarily, "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Turner v. Prudential Ins. Co. of America,* 119 F.R.D. 381, 383 (M.D.N.C.1988). However, "[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice." *Doe v. Karadzic*, 1997 WL 45515 *3 (S.D.N.Y.1997). Thus, "[i]n the absence of special circumstances, 'a party seeking discovery must go where the desired witnesses are normally located.'" *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 627 (S.D.Cal.2001) (quoting *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D.Mich.1987).

ORDER - 2

Once their protection is sought, district courts have wide discretion to establish the time and place of deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order. *Id.* at 1166.

Plaintiffs contend that if the depositions were to take place in Washington, D.C., three attorneys (plaintiffs' counsel, the Keeses' counsel, and Progressive's counsel) would have to travel across country from Seattle to attend, while if the deposition of James Keese were to take place in Bellevue, only one person (Mr. Keese) would incur cross-country travel time and costs. Thus, they argue, relative convenience favors holding Mr. Keese's deposition in Washington State. Plaintiffs further advance financial hardship as a basis for requiring that the deposition take place in this district; they contend that the Keeses are both employed and thus are better able to afford the expense of travel. These arguments fail to demonstrate special circumstances that overcome the presumption that the deposition should be conducted where the defendants reside. In particular, courts have found that a plaintiff's claim of financial hardship does not constitute special circumstances, unless accompanied by other exceptional circumstances. *Clairmont v. Genuity, Inc.*, 2004 WL 2287781 *1 (W.D.Wash.2004), citing *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D.Mo. 1979). Plaintiffs have not alleged other exceptional circumstances. As to the relative inconvenience, only one attorney (plaintiffs' counsel) is asserting that cross-country travel would be an inconvenience, and that is more than outweighed by the inconvenience to Mr. Keese were he to be the one required to travel. Plaintiffs' counsel would travel as a routine and expected part of his or her representation of plaintiffs; Mr. Keese's travel would take him away from his job and family responsibilities for a minimum of two days. Declaration of James Keese, Dkt. # 107. Moreover, plaintiffs' counsel could avoid the time and expense of travel altogether by agreeing to take Mr. Keese's deposition by video conference. The Court is not convinced by plaintiffs' assertion that Mr. Keese's credibility and demeanor can only be properly assessed by in-person confrontation.

ORDER - 3

1     Accordingly, defendants' motion for a protective order is GRANTED.  The depositions of James
2 and Sara Keese shall be taken in the Washington, D.C., area, either in-person or by video conference.
3 Each party shall bear its own expenses related to the depositions.

    DATED this 23  day of August 2013.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4