<pre>
                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
</pre>

| | |
|---|---|
| RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband<br><br>                 Plaintiff,<br><br>   v.<br><br>JAMES KEESE, III, and SARA KEESE, husband and wife, and their marital community composed; and PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer<br><br>                 Defendants. | No. C12-01749 RSM<br><br>**ORDER CLARIFYING FED.R.CIV.P. 30 AND DENYING MOTION TO ENLARGE THE NUMBER OF ALLOWED DEPOSITIONS WITHOUT PREJUDICE TO RENEWAL** |

## I. INTRODUCTION

This matter is before the Court on defendant's motion seeking the Court's interpretation of Fed.R.Civ.P. 30(a)(2)(A) or, in the alternative, to enlarge the number of allowed depositions. Dkt. # 114. Defendant Progressive Max Insurance Co. ("Progressive"), joined by defendants Keese (Dkt. # 118), submits that Fed.R.Civ. P. 30(a)(2)(A) is ambiguous as to whether it permits ten depositions per party or per side. Progressive contends that, as defendants have already deposed or subpoenaed ten witnesses, they have "exhausted the ten depositions allowed under the rule, provided they are limited to ten per side and not ten per party." Dkt. # 120, p. 4. If this Court finds that Fed.R.Civ.P. 30 imposes a limit of ten

ORDER ON NUMBER OF ALLOWED DEPOSITIONS UNDER FED.R.CIV.P.30 - 1

depositions per side, defendant seeks permission to expand the number of allowed depositions to sixteen. Defendant avers that this enlargement is necessary to "allow the deposition of both Plaintiffs, their nine experts, and five additional lay witnesses out of the more than thirty lay witnesses disclosed by the Plaintiffs." Dkt. # 120, p. 2. Progressive has declined to provide to plaintiffs the identity of the additional witnesses to be deposed, citing the need for initial clarification of the alleged ambiguity in Fed.R.Civ.P. 30. *Id*. at p. 8.

The Court has determined, for the reasons set forth below, that Fed.R.Civ.P. 30(a)(2)(A) is unambiguous in limiting depositions to ten per side. As to defendant's request to enlarge the number of allowed depositions, the Court denies this motion without prejudice to renewal.

## II. DISCUSSION

This matter arises out of an automobile accident on June 23, 2009 in which plaintiffs Rani Thykkuttathil and Ryan Wellman, wife and husband, were injured by an automobile driven by James Keese, III. Plaintiffs filed this tort action in state court on June 22, 2011, naming James Keese, III and his wife Sara Keese as defendants. On September 20, 2012, plaintiffs moved for leave to amend their complaint to add additional defendants, namely the employers of defendant James Keese as well as the plaintiffs' own insurer (defendant Progressive), under the Underinsured Motorist provision of their policy. After the state court granted plaintiffs leave to amend, defendant Progressive removed the action to this Court under the diversity jurisdiction provisions of 28 U.S.C. § 1332(a).

Defendants have thus far deposed or subpoenaed ten witnesses, including both plaintiffs, one lay witness, and seven experts. Dkt. # 120, p. 5. Progressive filed the instant timely motion on August 16, 2013, seeking clarification on the number of deponents allowed under Fed. R. Civ. P. 30(a)(2)(A), or, in the alternative, to expand the number of depositions that defendants may conduct to sixteen under Fed. R. Civ. P. 26(b)(2)(A). Dkt. # 114. The deadline for parties to complete discovery is September 16, 2013. Dkt. # 97.

Plaintiffs contend that the instant motion suffers from procedural irregularity as Progressive failed to conduct a conference of counsel prior to filing, pursuant to Fed.R.Civ.P. 37(a)(1). However, the Court finds that this motion is not subject to the meet-and-confer requirements imposed by Fed.R.Civ.P. 37(a)(1), which pertains exclusively to motions for orders compelling disclosure or discovery. As Progressive seeks clarification on a procedural rule, this meet-and-confer requirement is inapplicable. A motion for leave to conduct depositions in excess of Fed.R.Civ.P 30(a)(2) is also not subject to the meet-and-confer requirements of motions to compel.

Even if the meet-and-confer requirements were apposite, the Court finds that defendants have engaged in a "good faith" attempt to confer with counsel for plaintiffs. *See* LCR 37(a)(1). Defendant contacted counsel for plaintiffs on August 15, 2013 with a request for conference regarding this motion. Dkt. # 115-3. The request took place one day before the deadline set by this Court, in its Order Setting Trial Date & Related Dates (Dkt. # 97), for parties to file motions related to discovery. Though Progressive allowed regrettably little time for conference to take place, Progressive has provided a record of attempts by its counsel to conference with counsel for plaintiffs prior to filing. Dkt. # 115-3. Progressive certifies, and plaintiffs acknowledge, that conference of counsel did take place on August 19, 2013, one day

ORDER ON NUMBER OF ALLOWED DEPOSITIONS UNDER FED.R.CIV.P.30 - 3

after the deadline for filing discovery motions. At that time, parties were unable to agree to a stipulation expanding the number of depositions beyond ten per side. Dkt. # 119, p. 2; Dkt. # 120, p. 2.

As to the merits of Progressive's motion, the Court finds that as an initial matter Fed.R.Civ.P. 30(a)(2), as amended in 1993, is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party. The rule provides that absent stipulation by the parties, "[a] party must obtain leave of court" to conduct a deposition if it "would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." The accompanying Advisory Committee Note clarifies that the ten deposition limit is to be construed as applying to each side. Fed.R.Civ.P. 30 Advisory Committee's Note (1993) ("Subdivision (a)…Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before *any side* will be allowed to take more than ten depositions in a case without agreement of the other parties.")(emphasis added). The ten-per-side limit is intended to promote cost-effective discovery and promote the federal rules' policy of minimizing "unreasonably cumulative or duplicative" discovery. Fed.R.Civ.P. 26(b)(2)(C); Fed.R.Civ.P. 30 Advisory Committee's Note (1993). The Advisory Committee expressly indicated that the ten-per-side deposition limit applies to multi-party cases, such as the present, and can only be lifted by stipulation or court approval. Fed.R.Civ.P. 30 Advisory Committee's Note (1993) ("In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most

needed, given the presumptive limit on the number of depositions they can take without leave of court.").

This Court has been unable to identify a single instance in which a court has deviated from interpreting Fed.R.Civ.P. 30 to impose a presumptive ten-per-side limit on the number of allowed depositions. Defendant has misconstrued the only example that it offers to support its contention that "[s]ome courts have interpreted this limit to allow ten depositions *per party*." Dkt. # 114, p. 4. The sole case on which Progressive relies, *Doyle v. Gonzales*, 2011 U.S. Dist. LEXIS 85115 (E.D. Wash. 2011), actually assumes a ten-per-side limit even while it uses the language "ten per party." *Id.* at *13. The court in *Doyle* permitted depositions in excess of the limit because of the exigencies of the case and after considering the grounds for extension under Fed.R.Civ.P. 26(b)(2), not because the court was unclear that a ten-per-side limit presumptively held. *Id.* ("Accordingly, Defendants' election to pursue this after-acquired-evidence affirmative defense necessitates allowing Plaintiff to depose more than ten individuals…."). Courts from within and without the Ninth Circuit have uniformly understood the rule to impose a ten-per-side limit, including in cases involving multiple parties. *See, e.g.*, *Smith v. Ardew Wood Products, Ltd.*, 2008 WL 4837216 (W.D. Wash. 2008) (refusing to expand the number of allowed depositions beyond the allotted ten for multi-party defendants); *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1239702 (D. Nev. 2013) (conditionally allowing multi-party plaintiffs to exceed the presumptive ten deposition limit because of a stipulation between parties); *Felman Production, Inc. v. Industrial Risk Insurers*, 2009 WL 3668038 (S.D. W. Va. 2009) (emphasizing in a multi-party case that the ten-per-side limit "reflects the federal rules' policy of promoting cost-effective discovery….").

As to Progressive's request to expand the number of allowed depositions, this motion is denied without prejudice and defendant may renew this motion with further information in support of the necessity of additional depositions. Ordinarily, "[c]onsideration should…be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions." Fed.R.Civ.P. 30 Advisory Committee's Note (1993). As discovery progresses, it will sometimes unveil a need to allow additional depositions than were contemplated at the initial scheduling conference. *See U-Haul Co. of Nevada*, 2013 WL 1249702, at *3. Upon such an event, Fed.R.Civ.P. 26(b)(2) allows that "the court may alter the limits in these rules on the number of depositions or interrogatories…under Rule 30," keeping in mind the policy reasons embodied in the presumptive limit.

In considering whether to extend the limit under Rule 26(b)(2), "the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Smith*, 2008 WL 4837216, at *1. A party seeking to exceed the presumptive limit bears the burden of making a "particularized showing" of the need for additional depositions. *Id. See also*, *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of*

*Minn*., 187 F.R.D. 578, 586 (D.Minn. 1999). Parties should ordinarily exhaust their allowed number of depositions before making a request for additional. *See Smith*, 2008 WL 4837216, at *1 (explaining that "Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under the rule.").

Defendant has not met its burden of justifying the necessity of additional depositions in its pleadings. Progressive merely contends in its motion that defendants require an additional six depositions "[i]n order to properly conduct discovery, and depose not only plaintiffs and their experts, but lay witnesses as well…". Dkt. # 114, pp. 4-5. In its reply, Progressive -further contends that adherence to the ten-per-side limit would bar defendants from taking the deposition of all but one lay witness out of the thirty disclosed by plaintiffs and from taking the depositions of two of the nine experts disclosed by plaintiffs. These reasons alone are insufficient without further information that would allow the Court to weigh the benefits and burdens of additional depositions. Defendant has refrained from specifying the identity of the additional witnesses to be deposed or otherwise distinguishing the additional depositions from each other and from those already conducted. Defendant has also refrained from offering any substantive rationale in support of its position that the presence of multiple defendants in the instant case justifies expanding the number of depositions beyond the presumptive limit. The Court is accordingly unable to assess whether the additional depositions would be unreasonably duplicative or cumulative, taking into account the depositions already taken, or otherwise overly burdensome in light of their potential benefits.

ORDER ON NUMBER OF ALLOWED DEPOSITIONS UNDER FED.R.CIV.P.30 - 7

### III. Conclusion

The Court hereby clarifies that Fed.R.Civ.P. 30(a)(2)(A) presumptively limits depositions to ten-per-side. Defendant's motion to enlarge the number of allowed depositions is DENIED without prejudice. In light of the Court's clarification of Fed.R.Civ.P. 30, defendant may renew its motion for leave to conduct depositions in excess of the presumptive limit. Defendant should include information sufficient to allow this Court to make a determination under the standards articulated and embodied in Fed.R.Civ.P. 26(b)(2). Given that little time remains before the scheduled deadline for discovery, this Court will also entertain a simultaneous motion to extend the deadline by which these depositions must be completed.

DATED this 13th day of September 2013.

_(signature)_
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE