**Honorable Ricardo S. Martinez**
**Noting Date:** October 11, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband,

Plaintiff,

v.

JAMES KEESE, III, and SARA KEESE, husband and wife, and their martial community composed; PROGRESSIVE CASUALTY INSURANCE COMPANY, a foreign insurer; and, PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer,

Defendants.

No. 2:12-cv-01749-RSM

**DEFENDANT PROGRESSIVE MAX INSURANCE COMPANY'S RENEWAL OF ITS MOTION TO EXPAND THE NUMBER OF ALLOWED DEPOSITIONS AND MOTION TO EXTEND THE DEPOSITION DEADLINE**

Noting Date: October 11, 2013

## I. RELIEF REQUESTED

Defendant Progressive Max Insurance Company (hereinafter "Progressive") respectfully asks that the Court enter an order enlarging the total number of allowed depositions to seventeen. Also, Progressive respectfully requests that the Court extend the deadline by which these depositions must be completed to 45 days from issuance of its order.

PROGRESSIVE'S MOTION TO EXPAND THE
NUMBER OF DEPOSITIONS AND EXTEND
THE DEPOSITION DEADLINE

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

## II.    STATEMENT OF FACTS

The facts of this case are known to the Court. The matter arises out of a June 23, 2009, motor vehicle accident involving the plaintiffs, Ryan Wellman and Rani Thykkuttathil (hereinafter collectively "Plaintiffs") and defendant James Keese (hereinafter "Keese"). The parties dispute liability and the nature and extent of Plaintiffs' injuries.

Plaintiffs' expert disclosures were provided on July 17, 2013. **Exhibit A to Colito Decl.** Plaintiffs disclosed nine individual experts. *Id.* Moreover, Plaintiffs' various witness disclosures identify more than 30 potential lay witnesses. **Exhibit B to Dkt 225, Declaration of Sam Colito.** On August 16, 2013, Defendant Progressive filed a Motion Seeking The Court's Interpretation of Fed. R. Civ. P. 30, Or In The Alternative, An Enlargement Of The Number Of Depositions Allowed. **Dkt. 114.** On September 13, 2013, the Court entered an Order clarifying that Fed. R. Civ. P. 30 allows ten depositions per side and denied Progressive's Motion To Enlarge The Number Of Allowed Depositions Without Prejudice To Renewal. **Dkt. 123.**

The Court's Order Setting Trial Dates and Related Dates set Monday, September 16, 2013, as the deadline for discovery. **Dkt. 97.** The Defendants have already taken the depositions of Ryan Wellman, Rani Thykkuttathil, Gary Stobbe, Lori Weisman, Robert Patton, and John Fontaine. Although Martha Glisky was deposed on June 17, 2013, she was only prepared to discuss her findings regarding Plaintiff Rani Thykkuttathil at that time. Consequently, a second session is needed to discuss her findings regarding Plaintiff Ryan Wellman. Furthermore, on August 28, 2013, the depositions of two 30(b)(6) deponents of Bellevue Community College were taken. A third deposition of Bellevue Community College took place on September 23, 2013. Yet another representative will be deposed in the near future.

PROGRESSIVE'S MOTION TO EXPAND THE
NUMBER OF DEPOSITIONS AND EXTEND
THE DEPOSITION DEADLINE

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

In addition, the depositions of Patricia Youngman and Ginger Hurt could not be scheduled before the discovery deadline due to the witnesses' schedules. As a result, on September 13, 2013, the parties submitted a LR10(g) Stipulated Motion For Leave To Take Up To Five Depositions After Discovery Deadline to include the depositions of two additional 30(b)(6) designated deponents of Bellevue Community College, Patricia Youngman, Ginger Hurt and the second deposition of Martha Glisky. **Dkt. 122.** Consequently, Progressive renews its previous Motion and requests the court to enlarge the number of allowed depositions and further, to extend the deadline by which these yet to be noted depositions must be completed.

### III. ISSUE PRESENTED

1) Whether the Court will grant the defendants' leave to take up to seventeen total depositions.

2) Whether the Court will extend the deposition deadline.

### IV. EVIDENCE RELIED UPON

1. The Records of the Court herein;

### V. ARGUMENT AND AUTHORITY

**A. Progressive Seeks the Court's Leave to Increase the Total Depositions to be Taken**

Progressive respectfully seeks the Court's leave to take additional depositions. As set forth above, under the Federal Rules, a Court Order may alter the limits imposed by Rule 30. **Fed. R. Civ. P. 26(b)(2)(A).**

With regard to enlarging the number of allowable depositions, the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable

PROGRESSIVE'S MOTION TO EXPAND THE
NUMBER OF DEPOSITIONS AND EXTEND
THE DEPOSITION DEADLINE

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

1  from some other source that is more convenient, less burdensome, or less expensive; (ii) the

2  party seeking discovery has had ample opportunity by discovery in the action to obtain the

3  information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

4  benefit, taking into account the needs of the case, the amount in controversy, the parties'

5  resources, the importance of the issues at stake in the litigations, and the importance of the

6  proposed discovery in resolving the issues. *Smith v. Ardew Wood Products, Ltd.,* 2008 WL

7  4837216 (W.D. Wash. 2008).  A party seeking to exceed the presumptive limit bears the burden

8  of making a "particularized showing" of the need for additional depositions. *Id; See also, Bell v.*

9  *Flower,* 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels Midland Co. v. Aon Risk Serc., Inc. of*

10 *Minn.,* 187 F.R.D. 578, 586 (D. Minn. 1999).  Parties should ordinarily exhaust their allowed

11 number of depositions before making a request for additional depositions.  *See Smith,* 2008 WL

12 4837216, at *1 (explaining that "Rule 30(a)(2)(A) clearly contemplates that a party deposition

13 that would result in more than ten depositions being taken under the rule.").

14 Plaintiffs have disclosed a number of witnesses and experts.  Just the depositions of all

15 nine of Plaintiff's experts and the two Plaintiffs would exceed the number under the rules.  In

16 order to properly conduct discovery, and depose not only plaintiffs and their experts, but lay

17 witnesses as well, Progressive needs the Court's permission to take more than ten depositions.

18 Given the nature and complexity of this case, in that there are multiple Plaintiffs, multiple

19 Defendants, and Plaintiffs have disclosed a large number of potential witnesses, defendants need

20 to take the deposition of an additional seven witnesses above and beyond the ten allowed.

21 As stated above, Plaintiffs disclosed in excess of thirty lay witnesses.  Defendants have

22 already deposed or noted for deposition ten witnesses which exhausts the amount of depositions

23 allotted by Fed. R. Civ. P. 30.  However, to complete their investigation regarding Plaintiffs'

24
PROGRESSIVE'S MOTION TO EXPAND THE
NUMBER OF DEPOSITIONS AND EXTEND
THE DEPOSITION DEADLINE

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

allegations against Defendants, the Defendants need to take the deposition of the following witnesses:

- Rajani Thykkuttathil, Plaintiff Rani Thykkuttathil's sister, who has firsthand knowledge and observations regarding the alleged injuries sustained by the Plaintiff Rani Thykkuttathil;

- Angela Atkinson, who assisted Plaintiff Rani Thykkuttathil with household chores after the motor vehicle collision and has firsthand knowledge and observations regarding the alleged injuries sustained by Plaintiff Rani Thykkuttathil;

- Dr. Andrew Cole, who treated both Plaintiffs Rani Thykkuttathil and Ryan Wellman and has knowledge pertaining to their alleged injuries. Dr. Cole was disclosed as an expert by Plaintiffs but no expert report was provided.;

- Edward Owens, D.C., who treated both Plaintiffs Rani Thykkuttathil and Ryan Wellman and has knowledge pertaining to their alleged injuries. Dr. Owens was disclosed as an expert by Plaintiffs but no expert report was provided.;

- Kathie Larsen, Ph.D who provided clinical psychology treatment to both Plaintiffs Rani Thykkuttathil and Ryan Wellman in September 2012 and wrote a report regarding their alleged injuries;

- Hyerquality under Rule 30(b)(6) as it has information regarding Plaintiff Rani Thykkuttathil's employment and compensation pertaining to Plaintiff's alleged

**PROGRESSIVE'S MOTION TO EXPAND THE NUMBER OF DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE**

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

1   wage loss claim which is the largest component of plaintiffs' alleged damages[1];
2   and

- Asentus under Rule 30(b)(6) as they have information regarding Plaintiff Rani Thykkuttathil employment and compensation pertaining to Plaintiff's alleged wage loss claim.

Each of the above individuals and/or entities is believed to have information pertaining to Plaintiffs' alleged claims and their depositions are required in furtherance of the Defendants' defense. Thus, Progressive believes the Defendants need an additional seven depositions to properly conduct discovery in this matter.

The Plaintiffs have named nine expert witnesses and an excess of 30 potential lay witnesses. A limit of ten depositions significantly impacts the Defendants' ability to conduct a thorough investigation as to the allegations made by the Plaintiffs. The Plaintiffs allege that they have sustained physical, mental, and emotional injuries as well as injuries to the ability to earn money in the future. Consequently, the defendants need to investigate each of the Plaintiffs' allegations. The depositions of Rajani Thykkuttathil, Angela Atkinson, Dr. Andrew Cole, Edward Owens, D.C., Kathie Larsen, Ph.D, Hyerquality, and Asentus will provide information that cannot be obtained from any other source that is more convenient, less burdensome or less expensive. The Defendants have not been able to take the depositions of these witnesses because of the relatively short time between Plaintiffs' disclosures and the discovery deadline. Defendants also needed clarification of Fed. R. Civ. P. 30. Lastly, the importance of the issues at

---

[1] According to a September 10, 2013, report, Dr. Patton opines that plaintiff Rani Thykkuttathil's total economic loss is nearly $5 million.

PROGRESSIVE'S MOTION TO EXPAND THE
NUMBER OF DEPOSITIONS AND EXTEND
THE DEPOSITION DEADLINE

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

1 stake in the litigation and the importance of the proposed discovery significantly outweigh the

2 expense of the proposed deposition given the amount of damages claimed by the Plaintiffs.

### B. Progressive Seeks to Extend the Deadline by Which These Depositions Must be Completed

In its Order clarifying Fed. R. Civ. P. 30, the Court expressed that it would entertain a simultaneous motion to extend the deadline by which these depositions must be completed. **Dkt. 123.** Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only for good cause and with the judge's consent. *Burdette v. Steadfast Commons II, LLC,* 2012 U.S. Dist. LEXIS 123274 (W.D. Wash. Aug. 29, 2012).  Progressive was required to bring a motion to clarify the number of depositions permitted because the parties were in dispute over the number of depositions permitted by Fed. R. Civ. P. 30.  Moreover, defendants could not take any depositions beyond the ten allotted during the process of getting the Court to clarify Fed. R. Civ. P. 30.

Lastly, the parties have already stipulated to take depositions after the discovery deadline, as discussed above. **Dkt. 122.** For these reasons, good cause exists to modify the Court's scheduling order to extend the discovery deadline.

Given that that the discovery deadline of September 16, 2013, has lapsed, Progressive requests that the Court to extend the deadline by 45 days from issuance of its Order for the sole purpose of allowing Defendants to conduct the depositions of Rajani Thykkuttathil, Angela Atkinson, Dr. Andrew Cole, Edward Owens, D.C., Kathie Larsen, Ph.D, Hyerquality, and Asentus. Moreover, no prejudice to the Plaintiffs would result should this deadline be continued. Plaintiffs have already agreed to extend the deadline in order to accommodate the depositions of other witnesses.  Moreover, during the week of September 9, 2013, plaintiffs provided two new

**PROGRESSIVE'S MOTION TO EXPAND THE NUMBER OF DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE**

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

1  expert reports disclosing new information directly relating to the economic loss claim of plaintiff
2  Rani Thykkkuttathil.

## VI.    CONCLUSION

Progressive respectfully asks that the Court to expand the number of depositions in total to seventeen, to allow for the depositions of Rajani Thykkuttathil, Angela Atkinson, Dr. Andrew Cole, Edward Owens, D.C., Kathie Larsen, Ph.D, Hyerquality, and Asentus and to extend the deadline to conduct these depositions by 45 days from issuance of its order.

DATED this 26th day of September, 2013.

**LETHER & ASSOCIATES, PLLC**

/s/ Eric J. Neal
Thomas Lether, WSBA #18089
Eric J. Neal, WSBA #31863
3316 Fuhrman Ave. E, Ste 250
Seattle, WA 98102
T: 206.467.5444
F: 206.467.5544
tlether@letherlaw.com
eneal@letherlaw.com
Attorneys for Progressive

**PROGRESSIVE'S MOTION TO EXPAND THE NUMBER OF DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE**

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the party mentioned below as indicated:

| | |
|---|---|
| Thomas Bierlein, WSBA #13425 | Jean Magladry, WSBA #12988 |
| The Bierlein Law Office, PS | MW Injury Resolutions |
| 370 E. Sunset Way | 11512 NE 19th St |
| Issaquah, WA 96027-3441 | Bellevue, WA 98004-3029 |
| T: 425-557-0301 | T: 425-637-3096 |
| F: 425-557-0303 | F: 425-637-0555 |
| tom@bierleinlaw.com | jean@mwinjuryresolutions.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

Marilee Erickson, WSBA #16144
Reed McClure
1215 4th Ave Ste 1700
Seattle, WA 98161-1087
T: 206-386-7047
F: 206-223-0152
merickson@rmlaw.com
*Attorneys for Defendants Keese*

**[X]    Via ECF        [ ]    Certified Mail        [ ]    Legal Messenger**

Dated this 26th day of September, 2013, at Seattle, Washington.

                                             */s/ Eric J. Neal*
                                             Eric J. Neal, WSBA #31863

**PROGRESSIVE'S MOTION TO EXPAND THE NUMBER OF DEPOSITIONS AND EXTEND THE DEPOSITION DEADLINE**

S:\FILES\Wellman, Ryan 12095\Motions\130918 Final Draft Motion to Enlarge No of Deps1.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 / F: (206) 467-5544