1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband<br><br>                                Plaintiff,<br><br>        v.<br><br>JAMES KEESE, III, and SARA KEESE, husband and wife, and their marital community composed; and PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer<br><br>                                Defendants. | No.  C12-1749 RSM<br><br>**ORDER GRANTING MOTION TO EXPAND THE NUMER OF ALLOWED DEPOSITIONS AND EXTEND THE DESPOSITION DEADLINE** |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        This matter is before the Court on renewed Motion to Expand the Number of Allowed

Depositions and Motion to Extend the Deposition Deadline by Defendant Progressive Max

Insurance Company ("Progressive") (Dkt. # 125), joined by Defendants James Keese, III, and

Sarah Keese (Dkt. # 126). Progressive renews its motions upon this Court's order of

September 13, 2013, clarifying that Federal Rule of Civil Procedure 30(a)(2)(A) imposes a

limit of ten depositions per side and denying Progressive's motion to expand for lack of good

cause shown without prejudice to renewal. Dkt. # 123. Defendants now move the Court to

allow an additional seven depositions and to extend the deadline by which these depositions

must be completed to 45 days from the issuance of this order. Dkt. # 125, p. 1. Plaintiffs do

ORDER ENLARGING DEPOSITION LIMIT AND EXTENDING DISCOVERY
DEADLINE  -  1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

not object to Defendants' motions conditional on the Court maintaining the trial date, currently set for January 13, 2014. Dkt. # 129. For the reasons stated herein, the Court GRANTS IN PART Defendants' motions.

**Analysis**

Federal Rule of Civil Procedure 30(a)(2) presumptively limits the number of allowed depositions in a civil matter to ten per side. Ordinarily, "[c]onsideration should…be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions." Fed. R. Civ. P. 30 Advisory Committee's Note (1993). As discovery progresses, it will sometimes unveil a need to allow depositions beyond those contemplated at the initial scheduling conference. *See U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1249702, *2 (D. Nev. 2013). Upon such an event, Federal Rule of Civil Procedure 26(b)(2) allows that "the court may alter the limits in these rules on the number of depositions or interrogatories…under Rule 30."

In considering whether to enlarge the number of allowable depositions, "the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Smith v. Andrew Wood*

ORDER ENLARGING DEPOSITION LIMIT AND EXTENDING DISCOVERY DEADLINE - 2

1

2   *Products, Ltd.*, 2008 WL 4837216, *1 (W.D. Wash. 2008); *Burdette v. Steadfast Commons II,*

3   *LLC,* 2012 WL 3762515, *2 (W.D. Wash. 2012). A party seeking to exceed the presumptive

4   limit bears the burden of making a "particularized showing" of the need for additional

5   depositions. *Id. See also*, *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels*

6   *Midland Co. v. Aon Risk. Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1986). Parties

7   should ordinarily exhaust their allowed number of depositions before making a request for

8   additional. *See Smith*, 2008 WL 4837216, at *1.

9          Defendants have met their burden of demonstrating to the Court the need for

10   additional depositions. The breadth and complexity of the case is a factor for the Court to

11   consider in determining whether enlargement is warranted. *See Del Campo v. American*

12   *Corrective Counseling Services, Inc.*, 2007 WL 3306496, *6 (N.D. Cal. 2007) (finding that

13   the breadth and complexity of the case warrants more than ten depositions). The complexity

14   of the instant matter, in that there are multiple parties on each side and Plaintiffs have

15   disclosed a large number of potential witnesses, militates in favor of enlarging the deposition

16   limit. As Plaintiffs have disclosed in excess of thirty potential lay witnesses as well as nine

17   expert witnesses, Defendants' request to depose an additional seven witnesses is reasonable.

18   Defendants have also provided an account of the identity of the additional witnesses to be

19   deposed and the information sought from each of them, demonstrating that the requested

20   discovery is neither unreasonably cumulative nor duplicative.  Dkt. # 125, at pp. 5-6.

21   Defendants have further demonstrated to the Court's satisfaction that they have been unable,

22   despite due diligence, to obtain the information sought within the ordinary discovery limits.

23   Finally, counsel for Plaintiffs confirms that the burden and expense of additional depositions

24

25

ORDER ENLARGING DEPOSITION LIMIT AND EXTENDING DISCOVERY
DEADLINE - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

is outweighed by the stakes of the litigation, through which Plaintiffs seek extensive damages. Dkt. # 130, Ex. A.

The Court further finds that Defendants have met their burden of demonstrating good cause to modify the scheduling order in order to extend the deadline by which the seven additional depositions must be completed. A scheduling order "may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rules W.D. Wash. LCR 16(b)(4). Defendants aver that they were unable to complete the requested discovery while awaiting the Court's clarification on the Federal Rule of Civil Procedure 30 and its decision on Progressive's several motions to enlarge the deposition limit. In addition, the parties have already stipulated to take depositions after the discovery deadline as necessary. Dkt. # 122. For these reasons, good cause exists to modify the scheduling order so that the parties may complete the requested discovery as set out in this Order. *See Burdette*, 2012 WL 3762515, at *4.

The Court cannot entertain Plaintiffs' request that the Court deny a defense motion to continue the trial date (Dkt. # 129), as no such motion has been filed. However, the Court does not find good cause for extending the discovery deadline by 45 days from issuance of this Order, as doing so would interfere with the trial date and related deadlines. Accordingly, the discovery deadline by which the additional seven depositions must be completed is hereby extended to December 6, 2013. All other deadlines shall remain as provided by the Court's Scheduling Order. Dkt. # 97.

ORDER ENLARGING DEPOSITION LIMIT AND EXTENDING DISCOVERY DEADLINE - 4

1
2

**Conclusion**

3

        For the reasons stated herein, the Court hereby Orders that Defendants' Motion to

4

Expand the Number of Allowed Depositions and Motion to Extend the Deposition Deadline

5

(Dkt. # 125) are GRANTED in part. Defendants are permitted a total of seventeen

6

depositions, to allow for the depositions of Rajani Thykkuttathil, Angela Atkinson, Dr.

7

Andrew Cole, Edward Owens, D.C., Kathie Larsen, Ph.D., Hyerquality, and Asentus. The

8

deadline for completing the seven specified depositions is hereby extended to <u>December 6,</u>

9
10

<u>2013</u>.  All other dates in the Court's Scheduling Order of April 9, 2013 (Dkt. # 97) shall

11

remain the same.

12

        Dated this 13th day of November 2013.

13
14
15

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

16
17
18
19
20
21
22
23
24
25

ORDER ENLARGING DEPOSITION LIMIT AND EXTENDING DISCOVERY
DEADLINE - 5