UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANI THYKKUTTATHIL and RYAN WELLMAN, wife and husband<br><br>Plaintiff,<br><br>v.<br><br>JAMES KEESE, III, and SARA KEESE, husband and wife, and their marital community composed; and PROGRESSIVE MAX INSURANCE COMPANY, a foreign insurer<br><br>Defendants. | No. C12-1749 RSM<br><br>**ORDER ON MOTION FOR PROTECTIVE ORDER AND TO QUASH TRIAL SUBPOENA** |

This matter comes before the Court upon Motion for Protective Order and To Quash Trial Subpoena by Defendants James and Sara Keese. Dkt. # 157. Defendants move the Court for a protective order and order to quash the Fed.R.Civ.P. 45 subpoena issued by Plaintiffs to Defendant James Keese. For the reasons set forth below, Defendants' motion is GRANTED.

On December 16, 2013, counsel for Plaintiffs sent an email to counsel for Defendants with an attached subpoena directing Mr. Keese, a party to this action, to appear and testify at the scheduled bench trial on January 13, 2014. *See* Dkt. # 158, Ex. A. The subpoena additionally directs Mr. Keese to bring to trial all documents, electronically stored information, records or objects related to his purchases and transactions on June 23, 2009, the day of the traffic collision at issue in this case. *Id.* at Ex. B. No witness fee was tendered at the time of service, and Mr. Keese was not previously disclosed by Plaintiffs on their Pretrial

ORDER QUASHING SUBPOENA - 1

Statement. *Id.* at Ex. C, p. 19. Although Mr. Keese resides in Alexandria, Virginia, over 100 miles from the Western District of Washington, he will be in attendance at trial to testify in Defendants' case-in-chief. *See* Dkt. # 157, p. 4; Dkt. # Dkt. # 167, p. 3. Through the instant motion, Defendants move the Court to quash the subpoena in its entirety for failure to comply with Fed.R.Civ.P. 45 and to issue a protective order that Mr. Keese is not required to bring to trial any of the materials listed in the trial subpoena.

Federal Rule of Civil Procedure 45(c) specifies geographic limits for the proper issuance of subpoenas. Rule 45(c)(1)(A) provides that a subpoena "may command a person to attend a trial…within 100 miles of where a person resides…". Fed.R.Civ.P. (c)(1)(A). A subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides." Fed. R. Civ.P. 45(c)(2)(A). As Mr. Keese resides at a distance over 100 miles from the Western District of Washington, he is outside of the subpoena power of this court. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004)(explaining that a witness who resided in Alabama was outside the subpoena power of the Northern District of California). Plaintiffs have failed to provide the Court with a legal basis to exempt their subpoena from the geographic limitations of Rule 45(c) merely because Mr. Keese will be present to testify in his case-in-chief. The subpoenas must consequently be quashed for failure to comply with the specified geographic limits. Fed.R.Civ.P. 45(c)(3)(ii).

The deficiencies of Plaintiffs' subpoena are compounded by violations of the procedural requirements of Fed.R.Civ P. 45(b). Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed.R.Civ.P. (b)(1). Emailed delivery of the subpoena on Mr. Keese's counsel does not constitute service on the named witness. *See*, *e.g., San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 WL 2734284 (N.D. Cal. 2006)(holding that "delivering" requires

personal service of the subpoena); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)(holding that service of a Rule 45 subpoena on a party's attorney rather than the named party "renders such service a nullity."). Furthermore, the Ninth Circuit has interpreted the language of Rule 45(b)(1) to require "concurrent tender of witness fees and an estimated mileage allowance with service [of a subpoena]." *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). Plaintiff's failure to personally serve the subpoena on Mr. Keese accompanied by tender of witness fees provides additional grounds for invalidating the subpoena. *See, e.g.*, *San Francisco Bay Area Rapid Transit Dist.*, 2006 WL 2734284, at *1 (quashing subpoenas where the subpoenaed witnesses were not personally served and service was not accompanied by tender of witness fees); *Ellis v. SmithKline Beecham Corp.*, 2008 WL 2323925 (W.D. Wash. 2008) (finding service defective where not accompanied by the tender of witness fees).

      As Plaintiffs already have the right to cross-examine Mr. Keese at trial, it appears that the subpoena is principally targeted toward obtaining the production of documents that were not inquired into during the discovery period. Trial subpoenas generally request attendance at a hearing or trial and are only narrowly available to secure documents. *See Pearson v. Pasha*, 2011 WL 4565601 (D. Mont. 2011). Subpoenas duces tecum issued after the close of discovery may, for instance, be used to secure documents for memory refreshment or originals, which were disclosed during discovery. *See*, *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 (E.D. Pa. 1997); *Rice v. United States*, 164 F.R.D. 556, 558 n. 1 (N.D. Okl. 1997). Trial subpoenas may not be used to obtain discovery after the Court-ordered discovery deadline has passed. *See Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999)(finding that subpoenas were an improper use of discovery devices after the close of discovery). In the instant matter, Plaintiffs concede that the materials sought were not inquired into during the discovery period. *See* Dkt. # 167, p. 2. Plaintiffs' argument that the materials are to be used to refresh Mr. Keese's recollection of events is unavailing where

Plaintiffs failed to issue timely discovery requests. If Plaintiffs believed the material to be important to their case, as they now contend, they should have pursued the material within the discovery deadline or sought an extension for good cause. *See Pearson*, 2011WL 4565601, at *2; *Rice*, 164 F.R.D. at 558. Plaintiffs may not now use a pre-trial subpoena to circumvent the Court-ordered discovery deadlines. The Court further finds that the document requests, issued within the month prior to trial, impose an undue burden on Defendant in light of the likely probative value of the information sought and should thus be quashed under Fed.R.Civ.P. 45(c)(iii)(iv).

For the reasons stated herein, it is hereby ORDERED that Defendants' Motion for Protective Order and to Quash Trial Subpoena is GRANTED. Plaintiffs' Subpoena to James Keese is ineffective and QUASHED. Plaintiffs may cross-examine Mr. Keese during his testimony in Defendants' case-in-chief but may not require him to produce at trial the documents requested in their subpoena.

Dated this 10th day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE